IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:26-CV-00563-KDB-DCK

| | |
|---|---|
| **TELFORD TANNER, ET AL.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE PHOENIX INSURANCE COMPANY,**<br><br>**Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant's Partial Motion to Dismiss (Doc. No. 15). The Court has carefully considered this Motion and the Parties' briefs. For the reasons discussed below, the Court will **DENY** the Motion.

## I. LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 570; *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal

conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

Plaintiffs Telford Tanner and Michielle Tanner entered into an insurance contract with Defendant Phoenix Insurance Company ("Phoenix"), bearing Policy Number 6043351646331 (the "Policy"). (Doc. No. 14 ¶¶ 8-9) (First Amended Complaint, hereafter "Complaint"). The Policy provided coverage for Plaintiff's residential property in Charlotte, North Carolina (the "Property") and was in force at all times relevant to the Complaint. *Id.* ¶ 10. On or about May 8, 2024, the Property sustained damages and losses because of roof damage caused by wind and hail and subsequent water intrusion through the damaged roof. *Id.* ¶ 11. Plaintiffs alleged that they provided Defendants with "prompt notice" of the claim. *Id.* ¶ 12.

Defendants assigned a number to Plaintiffs' claim, investigated the damages and losses, and evaluated the policy. *Id.* ¶ 15. On January 22, 2026, approximately twenty months after the property damage occurred, Defendant issued a coverage determination letter to Plaintiffs denying coverage for the claimed loss (the "Denial Letter"). *Id.* ¶ 20. The Denial Letter cites to the "wear and tear" exclusion of the Policy and states that "because wear and tear is an exclusion, your policy does not provide coverage for this loss." *Id.* ¶ 20. Plaintiffs allege the Denial Letter does not

identify whether the purported "wear and tear" damage was observed on the roof or the interior, nor does the letter identify a Policy provision supporting denial of the claim for interior water damage. *Id.* ¶¶ 22, 23.

Plaintiffs filed this action in May 2026 in the North Carolina Superior Court for Mecklenburg County, and it was removed to this Court in July 2026. *See* Doc. No. 1. Plaintiffs allege that Defendant breached the insurance contract and "failed to act in any way that shows an attempt in good faith to effectuate prompt, fair, and equitable settlements" of their claims. *Id.* ¶¶ 24-31. Plaintiffs further allege that Defendant's decision not to indemnify them for covered losses and damages was due to Defendant's numerous "actions and omissions" that violated North Carolina's unfair and deceptive trade practice statute, N.C. Gen. Stat. § 75.1.1. *Id.* ¶¶ 34, 38.

On September 2, 2026, Defendant filed a Partial Motion to Dismiss asking the Court to dismiss Plaintiffs' claim under Chapter 75-1.1. The Motion has been fully briefed and is ripe for the Court's ruling.

## III. DISCUSSION

### A. Materials "Outside of the Pleadings"

Before assessing the validity of the Motion, the Court must address whether it can consider an email sent by Defendant with the Denial Letter (the "Denial Email"), Defendant's Reply Exhibit 1, (Doc. No. 21-1), without converting the Motion into one for summary judgment.

On a motion to dismiss, courts may consider documents submitted by the movant that were not attached or incorporated into the complaint so long as the document was "integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016); *see also Bowser v. Gabrys*, 746 F. Supp. 3d 256, 261 (W.D.N.C. 2024) (granting motion to dismiss upon review of extrinsic documents without

converting motion). "A document is integral to a complaint where its very existence, and not the mere information it contains, gives rise to the legal rights asserted or where the legal rights at issue in the complaint rely heavily upon its terms and effect." *Moler v. Univ. of Maryland Med. Sys.*, No. 1:21-CV-01824-JRR, 2022 WL 2716861, at *2 (D. Md. July 13, 2022) (internal quotations omitted) (citing *Goines*, 822 F.3d at 166) (striking certain exhibits as non-integral but noting the ERISA plan document was not challenged).

In its Reply Brief, Defendant for the first time referenced and attached the Denial Email, which it contends was sent together with its Denial Letter. Defendant argues the Denial Email is necessary to the Court's analysis because Plaintiffs provided an "artificially incomplete account" of Defendant's denial explanation in the Complaint. (Doc. No. 21 at 8-9). Defendant further argues that because the Complaint turns, in part, on the adequacy of Defendant's explanation, the Court should consider the "complete communication" without converting the Motion into one for summary judgment. (Doc. No. 21 at 8-9). The Court disagrees.

The Denial Email is not integral to the Complaint; rather it is an impermissible attempt to argue the merits of the Complaint on a motion to dismiss. Notably, Defendant did not attach the Denial Email with its Motion—which had the (presumably intended) effect of denying Plaintiffs an opportunity to address it. Federal courts typically do not accept new arguments in a reply brief, and this Court sees no reason to break from this prudent practice. *See Whitworth v. Nationwide Mut. Ins. Co.*, No. 1:17CV1124, 2018 WL 4494885, at *9 (M.D.N.C. Sept. 19, 2018), *report and recommendation adopted*, No. 1:17CV1124, 2018 WL 6573472 (M.D.N.C. Oct. 19, 2018) (quoting *Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995) (explaining "courts generally will not address new arguments raised in a reply brief because it would be unfair to the [other party] and would risk an improvident or ill-advised opinion on the legal issues raised"). While the Denial

Email may eventually prove useful to Defendant concerning the adequacy of its explanation of denial, it would not alter the Court's analysis or decision as to whether the Complaint plausibly alleges a statutory violation at this stage. Furthermore, the mere "existence" of the Denial Letter does not give rise to Plaintiffs' rights nor do the rights asserted rely on it. *See Moler*, 2022 WL 2716861, at *2. Rather the Denial Letter (and the email) are only relevant to the extent that the Court weighs and considers the "content" of them as a matter of a defense. *Id.* Because Exhibit 1 is at best integral to Defendant's defense but not to the Complaint, it will not be considered.

**B. Unfair and Deceptive Trade Practices, N.C.G.S. § 75-1.1**

Defendant moves to partially dismiss the Complaint for failing to state a claim under North Carolina's Unfair or Deceptive Trade Practices Act ("UDTPA"), N.C.G.S. § 75–1.1. (Doc. No. 15).[1]

**1. UDTPA, § 75–1.1 and Unfair Claim Settlement Practices, § 58-63-15(11)**

The North Carolina UDTPA states, "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." § 75–1.1. To state a claim under the UDTPA, a plaintiff must show: "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." *Gray v. N. Carolina Ins. Underwriting Ass'n*, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000) (citing *First Atl. Mgmt. Corp. v. Dunlea Realty Co.,* 131 N.C.App. 242, 252, 507 S.E.2d 56, 63 (1998)); *see also Griffith v. Glen Wood Co.*, 184 N.C. App. 206, 217, 646 S.E.2d 550, 558 (2007). A practice is "deceptive" if it "has the tendency to deceive." *Id.* (citing *Marshall v. Miller*, 302 N.C. 539, 276 S.E.2d 397 (1981)). Actual deception is not required. *See Bartolomeo v. S.B. Thomas, Inc.*, 889 F.2d 530, 534-35 (4th Cir. 1989) (citing *Chastain v. Wall*, 78 N.C. App. 350,

[1] The Motion does not seek to dismiss the Complaint's breach of contract claim.

356, 337 S.E.2d 150, 154 (1985)). A practice is "unfair" if it "offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Gray*, 352 N.C. at 68 (citing *Marshall*, 302 N.C. 539 at 403).

Because insurance companies are also governed by N.C.G.S. § 58-63-15(11), "Unfair Claim Settlement Practices," plaintiffs may bring an UDTPA claim based on violations of that statute. *See Gray*, 352 N.C. at 71 (describing the relationship between the two statutes). Section 58-63-15(11) defines unfair methods of competition in the insurance context, and then enumerates several subsections proscribing specific acts (as quoted in part below):

> The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:
>
> (11) Committing or performing with such frequency as to indicate a general business practice of any of the following: Provided, however, that no violation of this subsection shall of itself create any cause of action in favor of any person other than the Commissioner. N.C.G.S. § 58-63-15.
>
> (b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
>
> (c) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies
>
> (d) Refusing to pay claims without conducting a reasonable investigation based upon all available information;
>
> (e) Failing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed;
>
> (f) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;
>
> (g) Compelling [the] insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;
>
> (n) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

In *Gray*, the North Carolina Supreme Court held "conduct that violates subsection (f) of N.C.G.S. § 58–63–15(11) constitutes a violation of N.C.G.S. § 75–1.1, as a matter of law, without the necessity of an additional showing of frequency indicating a "general business practice," *Id.* at 71 (reasoning such conduct was "inherently unfair, unscrupulous, immoral, and injurious to consumers"). North Carolina courts have extended *Gray* to the remaining subsections of § 58-63-15(11) because these proscribed acts also "fall within the 'broader standards' of § 75-1.1." *See e.g.*, *Country Club of Johnston Cnty., Inc. v. United States Fid. & Guar. Co.*, 150 N.C. App. 231, 246, 563 S.E.2d 269, 279 (2002) (extending *Gray*); *Page v. Lexington Ins. Co.*, 177 N.C. App. 246, 249, 628 S.E.2d 427, 429 (2006) (applying *Gray* to subsections (b), (d), (e), and (f)). The Fourth Circuit adopted the wholesale extension. *See DENC, LLC v. Philadelphia Indem. Ins. Co.*, 32 F.4th 38, 45 n.1 (4th Cir. 2022) (quoting *Cobb v. Penn. Life Ins. Co.*, 215 N.C.App. 268, 715 S.E.2d 541, 550 (2011) ("Any violation of section 58-63-15 constitutes a violation of [the UDTPA].").

However, there is no requirement that an UDTPA claim also allege a violation of § 58-63.15(11). *See Lee v. Mut. Community Sav. Bank*, 136 N.C.App. 808, 811 n. 2, 525 S.E.2d 854, 857 n.2 (2000) (quoting *Country Club of Johnston Cnty.*, 150 N.C. App. At 244, 563 S.E.2d at 278). Indeed, *Gray*'s central holding was that the defendant violated § 75-1.1 "separate and apart from any violation" of § 58-63-15(11)). *Gray*, 352 N.C. at 74.

As noted, the plain language of § 58-63-15 only grants the Commissioner of Insurance authority to enforce this section; therefore, plaintiffs seeking to hold an insurance company liable under § 58-63-15(11) must bring a claim under § 75-1.1 that is predicated on one or more of the enumerated offenses. *See Gray*, 352 N.C. at 70-71 (recognizing the acts proscribed in this regulation "were designed to protect the consuming public") (citing *Pearce v. American Defender*

*Life Ins. Co.*, 316 N.C. 461, 470, 343 S.E.2d 174, 179 (1986) (extending private right of action to predecessor statute)). Accordingly, the remedy for a violation of § 58-63-15(11) is to bring a claim under § 75-1.1. *See Elliot v. Am. States. Ins. Co.*, 883 F.3d 384, 396 (4th Cir. 2018) (quoting *Country Club of Johnston Cnty.*, 150 N.C. App. at 244, 563 S.E.2d at 277 (citing *Golden Rule Insurance Co. v. Long,* 113 N.C.App. 187, 196, 439 S.E.2d 599, 604, *appeal dismissed and disc. review denied,* 335 N.C. 555, 439 S.E.2d 145 (1993)).

**2. Plaintiff's UDTPA Claim**

Plaintiffs allege that Defendant violated numerous subsections of § 58-63-15(11). The allegations fall into three buckets: (1) Defendant's investigation was deficient; (2) Defendant took too long to affirm or deny coverage; and (3) Defendant's denial explanation was incorrect and inadequate. In its Motion, Defendant argues the Complaint fails even the low bar of a pleading requirement because it is "flush with boilerplate language and statute recitation but contains minimal factual allegations." (Doc. No. 16 at 3).

To be sure, the Complaint is neither the model of clarity nor thoroughness. It only provides two dates—the hail damage incident on May 8, 2024, and the denial of coverage on January 22, 2026. Compl. ¶¶ 11, 20. And it is replete with verbatim recitations of subsections of § 58-63-15(11), several of which either may not apply or are not supported by well-pled facts. *See e.g.*, Compl. ¶ 34. Nonetheless, the Complaint provides the minimal "short and plain statement" required by Rule 8 to put Defendant on notice and plausibly state a claim. *See* Fed. R. Civ. P. 8(a)(1); *Twombly*, 550 U.S. at 545. The Complaint clearly establishes at least one key fact: Defendant did not resolve Plaintiffs' claim for approximately twenty months. This allegation, taken as true, plausibly states a claim under subsection § 58-63-15(11)(e), which is sufficient grounds to deny the Motion without detailed consideration of the numerous other subsections.

Section § 58-63-15(11)(e) makes it unlawful for an insurance company to fail "to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed." § 58-63-15(11)(e). Although subsection (e) is not one of the subsections enumerated in the Complaint, the Court assesses the Complaint as a whole, rather than based on detailed statutory citations or magic words. While of course it is preferred and a best practice in federal court to do so, the Complaint need not cite the specific statute to plausibly state a claim so long as the alleged facts support the legal claim. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) ("[Federal Rules of Civil Procedure] do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."); *Andrews v. City of Norfolk, Virginia*, No. 2:16CV681, 2017 WL 4837707, at *12, n.4 (E.D. Va. Oct. 23, 2017) (denying motion to dismiss False Claims Act count despite the complaint's failure to cite the relevant regulations). And denying the Motion is further warranted here, where the issue is not whether Plaintiffs cited the correct statute (which they did) but rather whether they cited the correct subsection within the statute. *See Albero v. Worcester Cnty. Bd. of Commissioners*, No. CV JKB-24-1100, 2025 WL 462588, at *11 (D. Md. Feb. 11, 2025) ("[C]ourts do not dismiss a plaintiff's claim for citation to the wrong statute, much less the wrong part of one, so long as the basis for the claim is clear from the face of the complaint.") (internal quotation omitted). Defendant is clearly on notice that the Complaint alleges a violation of § 75-1.1 based on various subsections within § 58-63-15(11). Plaintiffs also alleged Defendant "engaged in *additional* unfair acts," which further shores up any lingering concerns about the Complaints level of specificity. Compl. ¶ 38 (emphasis added). Therefore, Defendant is not prejudiced by the lack of citation to subsection (e).

Turning to the plausible merits of a claim under subsection (e), Plaintiffs property was damaged on May 8, 2024, and they provided Defendant with "prompt notice." Compl. ¶ 12. Then

it took Defendant approximately 20 months to deny coverage. *See id.* ¶ 20. In arguing against the alleged subsection (b) violation, Defendant contends that the statute "does not impose a specific deadline." (Doc. No. 16 at 7). This is technically correct for both subsections (b) and (e), which state the standard is a "reasonable" time. *See* §§ 58-63-15(11)(b) ("acknowledge and act reasonably promptly, (e) ("within a reasonable time"). In support of its statutory interpretation, Defendant relies on *Labudde v. Phoenix Ins. Co.* and argues that even a 54-day delay is not enough. No. 7:21-CV-197-FL, 2022 WL 2651846, at *8 (E.D.N.C. July 8, 2022) (citing *First Protective Ins. Co. v. Rike*, 516 F. Supp. 3d 513, 533-34 (E.D.N.C. 2021). But *Labudde* offers no persuasive support to find that as a matter of law the 620-day delay here—over eleven times longer—is reasonable under the circumstances. *See e.g.*, *Laschkewitsch v. Legal & Gen. Am., Inc.*, 247 F. Supp. 3d 710, 720 (E.D.N.C. 2017), *aff'd*, 725 F. App'x 252 (4th Cir. 2018) (finding six weeks was reasonable under subsection (e)); *Carteret Inv. Assocs., LLC v. Mt. Hawley Ins. Co.*, No. 4:21-CV-157-FL, 2023 WL 9034243, at *10 (E.D.N.C. Dec. 29, 2023) (finding four days to be reasonable as a matter of law under subsection (e)); *Nelson v. Hartford Underwriters Ins. Co.*, 177 N.C. App. 595, 612, 630 S.E.2d 221, 233 (2006) (finding four or five months was not unreasonable under subsection (e)). While Plaintiffs did not allege a specific date when a proof-of-loss statement was completed, the statute does require a specific means of communicating a claimant's loss, nor does it define this specific requirement. *See Westfield Ins. Co.*, 383 F. Supp. 3d at 582 (rejecting defendant's argument that because no formal loss statement was submitted, subsection (e) was inapplicable). Moreover, the intervening acts between notice and denial suggest the Complaint at least plausibly alleges this duration was unreasonable. *See* Compl. ¶¶ 12 (Plaintiffs provided Defendant with prompt notice); 14 (Defendant assigned claim number); 15 (Defendant investigated the damages and losses); 20 (Defendant issued coverage determination letter); *see*

*also Westfield Ins. Co.*, 383 F. Supp. 3d at 582 (discussing parties dispute between nine- or twelve-months response time as a material fact improper for resolution at summary judgment).

Whether or not Defendant will ultimately succeed on its argument that it did not unreasonably delay is uncertain, but that putative defense on the merits cannot prevail at this early stage. Plaintiff's Complaint—bare bones as it may be—plausibly states an UDTPA claim for violation of § 75-1.1, so the Motion is DENIED.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Partial Motion to Dismiss (Doc. No. 15) is **DENIED;**
2. This case shall **proceed towards trial on the merits on Plaintiffs' claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 5, 2026

Kenneth D. Bell
United States District Judge